IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KENNETH WAYNE CHESTER, #43152          PETITIONER

VS.            CIVIL ACTION NO. 3:10CV121TSL-FKB

CHRISTOPHER EPPS             RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before the court on respondent Christopher Epps' motion to dismiss (Docket No. 9) pursuant to 28 U.S.C. § 2244(d). Petitioner Kenneth Wayne Chester opposes the motion, and, for reasons the explained below, the undersigned recommends that the motion to dismiss be granted.

## FACTS AND PROCEDURAL HISTORY

In January, 2005, Chester was convicted of unlawful possession of less than one tenth (0.1) gram of cocaine, while in possession of a firearm (Count I); unlawful possession of at least thirty (30) grams but less than two hundred fifty grams of marijuana, while in possession of a firearm (Count II) and possession of a firearm by a convicted felon (Count III) in the Circuit Court of Pike County, Mississippi. The trial court sentenced him to serve a term of eight (8) years on Count I, six (6) years on Count II and three (3) years on Count III, with the sentences to run consecutively for a total of seventeen (17) years in the custody of the Mississippi Department of Corrections. Chester appealed, and, on July 20, 2006, the Mississippi Supreme Court affirmed Chester's judgment and sentence. Chester v. State, 935 So. 2d 976 (Miss. 2006). The record does not reflect that Chester filed a petition for writ of certiorari to the United States Supreme

Court.

On October 22, 2009, Chester filed an "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court. Chester's motion for leave to file was denied on August 5, 2009. His motion for rehearing was likewise denied. Thereafter, on February 12, 2010, pursuant to the "mailbox rule,"[1] Chester filed in this court his current petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

## DISCUSSION

In his petition, Chester asserts that his Due Process Rights were violated when agents entered his home and arrested him without an arrest or search and, thereafter, when the fruits of this unlawful search were used to bring additional charges against him. Respondent did not answer the petition but, instead, has moved for dismissal, arguing that Chester's petition is untimely. In light of the court's conclusion that the respondent's motion should be granted, it will not address the substantiative issue presented in Chester's petition.

Turning to respondent's motion to dismiss, Epps points to the revised 28 U.S.C. § 2244(d) as the basis for the motion. Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[1] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. See United States v. O'Kaine, 971 F. Supp. 1479, 1480 (S.D. Ga. 1997)." Punch v. State of Louisiana, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Because Chester filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. Asserting that Chester's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B-D), respondent argues that the petition is untimely. According to respondent, Chester had until October 18, 2007, to file his petition, and, instead, he filed it in this court on February 12, 2010. The court's review of the relevant dates demonstrates that respondent is correct.

As previously stated, the Mississippi Supreme Court affirmed Chester's judgment and sentence on July 20, 2006. Petitioner's judgment became final ninety days later on October 18, 2006, upon the expiration of the time in which he could seek a writ of certiorari from the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir.2003) (state court judgment becomes final for AEDPA purposes when the time to file a petition for writ of

certiorari with the Supreme Court has expired, i.e., ninety days after the judgment is entered); Sup. Ct. R. 13(1) (allowing defendant ninety days after the state court denied relief to seek certiorari from that Court). Under § 2244(d)(1) and without the benefit of tolling, Chester's petition for a writ of habeas corpus was due to filed in this court by Thursday, October 18, 2007. Instead, Chester filed his petition for writ of habeas corpus on February 12, 2010. Thus, Chester's petition is untimely under 28 U.S.C. § 2244 and should be dismissed.

The undersigned reaches this conclusion despite Chester's averment in his petition that the State had created an impediment to timely filing his habeas petition in this case. See 28 U.S.C. § 2244(d) (1)(B); Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir.2003) (to satisfy § 2244(d)(1)(B), "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law"). Specifically, Chester charges that he was unable to more timely raise the issue related to his suppression hearing because the State failed to provide him with a transcript of the suppression hearing and, until some time prior to June 2, 2009, he was unable to locate the court reporter who transcribed the hearing.[2] This alleged difficulty notwithstanding, petitioner had purported to show how the fact that he did not have in his possession copies of his suppression hearing transcript prevented him from filing his application in this court, as opposed to proving his claims.[3] Lloyd v. Van Natta, 296 F.3d 630,

---

[2] None of Chester's filings with this court indicate the date on which he was able to locate the court reporter to obtain a copy of the transcript. Obviously, it was prior to June 2, 2009, the date on which he signed his application for post-conviction relief with the Mississippi Supreme Court, as this filing contains citations to the suppression hearing transcript.

[3] To the extent that Chester is also arguing that the State's alleged failure to provide him with copies of the suppression hearing transcript also warrants equitable tolling, this argument likewise lacks merit. See Hatcher v. Quarterman, 305 Fed. Appx. 195, 196 (5th Cir. Dec. 15, 2008) (denying application of equitable tolling where petitioner had not shown that lack of possession of

4

633 (7th Cir. 2002) ("The state's failure to provide [petitioner] with a transcript did not prevent him from filing his habeas corpus petition, and the time limit contained in § 2244(d)(1)(B) does not apply to this case. . . . [T]he plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from <u>filing</u> his petition. Even though Mr. [petitioner] apparently has not yet received the transcripts he sought, he was able to raise the issue of prosecutorial misconduct in his federal habeas corpus petition.") (emphasis added); <u>Randolph v. Taylor</u>, 69 Fed. Appx. 824, 825 (9th Cir. 2003) ("Nor does subsection (B) apply in this case. Neither federal nor California law invest [petitioner] with a right to his transcripts in the collateral review context absent a showing of good cause. . . . The absence of this documentation thus did not constitute an unlawful or unconstitutional state-created impediment to proper filing, and subsection (B) accordingly does not apply.")[4] (internal citations omitted); <u>Crawford v. Costello</u>, 27 Fed. Appx. 57 (2nd Cir. 2001) ("Nor does [petitioner] have any basis upon which he can claim that AEDPA's statute of limitations should be tolled. Under 28 U.S.C. § 2244(d)(1)(B), the statute of limitations may be tolled during the time that a state-created unconstitutional impediment prevents the petitioner from filing a petition. Because there is no constitutional right to a trial transcript for collateral appeals, the state's denial of his request for a

---

transcript prevented him from timely filing application)

[4] Under Mississippi law, a criminal defendant who has filed an application for post-conviction relief may be entitled to documents, including transcripts, at the state's expense if the application passes the court's summary review. <u>Fleming v. State</u>, 553 So.2d 505, 506 Miss. 1989) ("A prisoner who has filed a proper motion [for post-conviction relief] pursuant to this Act, and whose motion has withstood summary dismissal under § 99-39-11(2), may be entitled to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15, upon good cause shown and in the discretion of the trial judge."). It thus follows that the lack of transcript from his suppression hearing did not impede Chester's ability to file his state court application for post-conviction relief in a more timely manner so as to toll the federal statute of limitations.

transcript did not constitute an unconstitutional impediment sufficient to toll the statute of limitations.").

## CONCLUSION

Accordingly, for the reasons stated above, respondent's motion to dismiss should be granted, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 13th day of September, 2010.


    /s/ F. Keith Ball  
    UNITED STATES MAGISTRATE JUDGE